**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

EDDIE JAMES LEE, SR.,

                      Plaintiff,

   v.                                      No. 04-CV-351
                                           (DNH/DRH)

B. PETERS, Dorm Officer,

                      Defendant.

---

**APPEARANCES:**                       **OF COUNSEL:**

EDDIE JAMES LEE, SR.
Plaintiff Pro Se
No. 94-A-0823
Cayuga Correctional Facility
Post Office Box 1186
Moravia, New York 13118

HON. ELIOT SPITZER                NANCY G. GROENWEGEN, ESQ.
Attorney General for the             Assistant Attorney General
 State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Eddie James Lee, Sr. ("Lee"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendant B. Peters ("Peters"), a DOCS employee, violated his constitutional rights under the Eighth Amendment by showing deliberate indifference to Lee's health and safety. Am. Compl. (Docket No. 6). Presently pending is Peters' motion for summary judgment pursuant to Fed. R. Civ. P. 56 (b).[2] Docket No. 30. For the reasons which follow, it is recommended that Peters' motion be granted.

## I. Background

The facts are presented in the light most favorable to Lee as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

In March 2004, while Lee was incarcerated at Cayuga Correctional Facility, medical staff excused Lee from participating in a work program and restricted his lifting to less than twenty pounds. Warner Aff. (Docket No. 30) at Ex. A. On March 6, 2004, a mandatory clean-up of the B-2 dormitory, where Lee was housed, was ordered. Am. Compl. at 2.[3] Peters, the dormitory officer in charge, directed Lee to clean his cell. Id. at 2. When Lee attempted to clean his cell, he experienced pain in his neck, lower back, and lower groin. Id. at 3. Peters sent Lee to the facility infirmary. Id. A nurse informed Peters that Lee was medically excused from programs and restricted in lifting, but there were no restrictions regarding mandatory clean-up. Peters Aff. (Docket No. 30) at ¶ 8; Warner Aff. at ¶¶ 7-10.

---

[2] Two other defendants, Nurse Warnel and Sergeant Brucker, were previously terminated from this action on January 1, 2005. Docket No. 29.

[3] Under Fed. R. Civ. P. 56(e), the non-moving party must offer evidence in sworn affidavits to oppose a properly supported motion for summary judgment. A verified complaint meets this requirement. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994). The amended complaint here was verified and will, therefore, be considered on this motion.

2

Peters then gave Lee a direct order to sweep and mop his cell, clean the heater in his cell, and empty the pencil sharpener in the dormitory. Peters Aff. at ¶ 20.  Lee refused to comply with Peters' order. Id. at ¶ 10. Peters informed Sergeant Brock that Lee refused to comply with Peters' order to clean his cell. Id. at ¶ 11.  Sergeant Brock gave Lee a direct order to clean his cell and Lee refused. Id. at ¶ 12. Sergeant Brock then escorted Lee out of the B-2 dormitory. Id. at ¶ 12. This action followed.

## II. Discussion
### A. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact

could find in favor of the non-moving party for a court to grant a motion for summary judgment. <u>Gallo v. Prudential Residential Servs.</u> 22 F.3d 1219, 1223 (2d Cir. 1994); <u>Graham v. Lewinski</u>, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.[4] Id. However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 247-48.

### B. Eighth Amendment

Lee contends that Peters disregarded an excessive risk to his health and safety in violation of the Eighth and Fourteenth Amendments. Peters contends that Lee cannot establish that he acted with deliberate indifference.

The Eighth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. <u>Cooper Indus. Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 433-34 (2001). It prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment also imposes a duty upon prison officials "to take reasonable measures to guarantee the safety of the inmates themselves." <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984). A prison official violates this Eighth Amendment duty only when two criteria are established. First, the deprivation must be "'objectively,

---

[4] Although entitled to such solicitude, Lee has some litigation experience, having filed at least nine other federal actions since 1998. <u>See</u> U.S. Party/Case Index (visited July 15, 2005) <http://pacer.uspci.uscourts.gov/cgi-bin/ dquery.pl>.

sufficiently serious' that [the inmate] was denied 'the minimal civilized measure of life's necessities.'" Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "This objective component . . . is also context specific, turning upon 'contemporary standards of decency.'" Blyden v. Mancusi, 186 F.3d 252. 263 (2d Cir. 1999) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations omitted)). In the context of denial of medical care, a prisoner must show that there is a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

Second, a defendant "must have [acted with] a 'sufficiently culpable' state of mind." Farmer, 511 U.S. at 834. "'In prison condition cases, that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.; Gaston, 294 F.3d at 164. "Specifically, a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996). A plaintiff can demonstrate deliberate indifference by evidence that "a substantial risk [to inmate health and safety] was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official . . . had been exposed to information concerning the risk and thus 'must have known' about it . . . ." Farmer, 511 U.S. at 842-43.

Here, Lee alleges that Peters showed deliberate indifference to his safety by ordering him to clean his cell despite his serious medical condition. Lee contends that he injured himself when he obeyed the direct order to clean his cell. Peters contends that Lee did not comply with the direct order and did not clean his cell as directed. Regardless of the dispute

over whether Lee did in fact clean or attempt to clean his cell, he fails to establish an Eighth Amendment violation. It does not appear that Lee is asserting inadequate medical care as none of the medical personnel who treated Lee are named as defendants in this lawsuit.

Here, Lee fails to identify what, if any, serious harm he was exposed to by Peters' order other than pain in his neck, back, and groin.  There is no serious medical condition or risk evident from the record and Lee does not identify such in his amended complaint or opposition papers. Pl. Resp. in Opp'n (Docket No. 31).  Lee only states that he delayed neck surgery.  Regardless of Lee's failure to identify a serious risk or medical need, he does not show that Peters had a sufficiently culpable state of mind.

Peters was not aware of any medical restriction that Lee may have had which would have prevented him from completing the clean-up of his cube. Lee did not inform Peters of any restriction and took it upon himself to attempt to clean his cell. Therefore, Peters was unaware of any restriction, thereby defeating an allegation of deliberate indifference. After Peters' second request which Lee refused, Peters contacted the medical department to determine if Lee was restricted in clean-up. The medical department informed that Lee was not restricted in this area. Peters' action in calling the medical department to discover that Lee's restrictions did not apply to mandatory clean-up further demonstrates the absence of deliberate indifference towards Lee's health or safety.

It is recommended that Peters' motion on this ground be granted.

6

## B. Qualified Immunity

Peters also contends that he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Lee's allegations as true, he has not shown that Peters violated his constitutional rights.

Therefore, Peters' motion for summary judgment on this alternative ground should be granted.

## III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that Peters' motion for summary judgment (Docket No. 30) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Secretary of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  August 31, 2005
         Albany, New York

*David R. Homer*
United States Magistrate Judge